## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARJORIE AITKEN, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| STAPLES, INC., | (JURY TRIAL DEMANDED) |
| Defendant. | |

Plaintiff Marjorie Aitken, individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## <u>INTRODUCTION</u>

1.      Unsatisfied with traditional sales revenue alone, Defendant Staples, Inc. ("Staples") sold and rented, and continues to sell and rent, mailing lists containing Plaintiff's and all of its other customers' names and addresses (as well as age, gender, income, job title, and information pertaining to their purchase of products from Staples (hereinafter, "Personally Identifying Transactional Data")) on the open market to anyone interested in purchasing them, including data miners, data aggregators, data appenders, data cooperatives, list brokers, aggressive marketing companies, and various other parties.  Prior to monetizing Plaintiff's and its other customers' Personally Identifying Transactional Data in this way, Staples did not ask for (much less obtain) consent from any of these individuals.

2.      Documented evidence confirms these facts.  For example, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through

NextMark and/or one or more "list manager" and/or "list broker"), and during the time periods

relevant to this action, sold and rented to various parties the mailing list titled "Staples Masterfile

Enhanced Mailing List", which contains the names, addresses, and other Personally Identifying

Transactional Data of all individuals who purchased products from Staples (including the types of

products purchased), including Plaintiff and each member of the Class, at a base price of

"$100.00/M [per thousand]," (i.e., 10.0 cents apiece), as shown in pertinent part in the screenshot

below from list broker NextMark, Inc.'s website:



*See* **Exhibit A** hereto.

3.    Illinois's Right of Publicity Act clearly prohibits what Staples has done.  *See* 765

ILCS 1075, *et seq.* (the "IRPA").  Generally speaking, the IRPA prohibits using a person's name

or likeness on or in connection with a product, good, piece of merchandise, or a service without the person's prior consent.  Staples directly violated the IRPA by selling and renting, on the open market to any member of the public interested in purchasing, mailing lists that contained Plaintiff's and all of its other Illinois customers' names, addresses, and other Personally Identifying Transactional Data.

4.     Staples's practices of monetizing its customers' names and likenesses for commercial purposes without their consent is not only unlawful, but also dangerous because it allows any member of the public willing to purchase or rent this data to target particular customers, including vulnerable members of society, using their identities, interests and other demographic data.  For example, anyone could buy or rent a list that contains the names, addresses, and other Personally Identifying Transactional Data of all women in Illinois over the age of 60 who work in human resources,  earn over $100,000 per year, and purchased a copy machine from Staples in the past year. Such a list is available for sale or rental on the open market for approximately $150.00 per thousand customers listed.

5.     So while Staples profits handsomely from the use of its customers' names, likenesses, and other personally identifying attributes in this way, it does so at the expense of its Illinois customers' statutory rights of publicity.  Accordingly, Plaintiff brings this Class Action Complaint against Staples for its plainly unlawful use of its customers' names and likenesses in reckless disregard of their statutorily protected rights under the IRPA.

## PARTIES

6.     Plaintiff is, and at all times relevant to this action has been, a living, natural person and a domiciled resident and citizen of Illinois. During the time period relevant to this action, Plaintiff purchased products from Staples while residing in, a citizen of, and physically present in

Illinois.

7.       Defendant Staples, Inc. is a Delaware corporation that maintains its headquarters and principal place of business in Framingham, Massachusetts.  Staples is is a retail company involved in the sale of office supplies and related products.

## JURISDICTION AND VENUE

8.       This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Staples.

9.       The Court has personal jurisdiction over Staples because Staples maintains its corporate headquarters and principal place of business in Framingham, Massachusetts.

10.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Staples is subject to personal jurisdiction in this judicial District, because Staples resides in this judicial District, and because a substantial part of the events giving rise to Plaintiff's claims took place within this judicial District.

## THE IRPA

11.       The IRPA prohibits any person from, *inter alia*, publicly using or holding out an individual's identity, such as their name, likeness, or other identifying attribute, on or in connection with the sale or offering for sale of a product, good, or service.  *See* 765 ILCS 1075/5, 30(a). Specifically, Section 30 of the IRPA states, in pertinent part:

> A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative.

765 ILCS 1075/30(a) (emphasis added).

12.     The IRPA defines "identity" as "an attribute of an individual that serves to identify the individual to an ordinary, reasonable viewer, or listeners including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice."  765 ILCS 1075/5.

13.     The IRPA provides for, *inter alia*, statutory damages of $1,000.00 per violation of the statute and punitive damages for willful violations of the statute. *See* 765 Ill. Comp. Stat. 1075/40.

## STAPLES DIRECTLY VIOLATES THE IRPA

14.     Staples maintains a vast digital database comprised of its customers' information, including their names, addresses, likenesses, and various other forms of personally identifying and highly sensitive Personally Identifying Transactional Data.

15.     Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), sold and rented during the relevant time period, and continues to sell and rent to this day, lists on which all of its customers' names, addresses, and other Personally Identifying Transactional Data appear.  Staples has sold and rented (and continues to sell and rent) these lists on the open market to anyone willing to pay for them, including on a regular basis to data miners, aggregators, appenders, and cooperatives, aggressive marketing companies, and others.

16.     As a result of Staples's data compiling and sales practices, any member of the public can purchase or rent customer mailing lists from Staples on which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appear. Staples's practices of selling and renting these mailing lists puts consumers, especially the more vulnerable members of society, at risk of serious harm from scammers.

17.     Staples does not seek its customers' prior consent (written or otherwise) to any of

these practices, and its customers remain unaware that their names, addresses, and other Personally Identifying Transactional Data (as well as various other categories of sensitive personally identifying information) are used by Staples on or in connection with the mailing lists that the company has sold and rented (and continues to sell and rent) on the open market to any member of the public interested in purchasing them.

18.     Staples uniformly fails to obtain consent from—or even provide effective notice to—its customers before engaging in the practices described herein.

19.     By and through these actions, Staples has used Plaintiff's and all of its other customers' names and likenesses, which have commercial value, on or in, or in connection with products, merchandise, goods, or services, or the sale or rental of such things, in direct violation of the IRPA.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff seeks to represent a class comprised of and defined as follows:

> All Illinois residents who, at any point in the relevant statutory period, had their names appear on or in a mailing list sold or rented, or offered for sale or rental, by Staples (the "Class").

21.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, the members of the Class number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the records of Staples.

22.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  Legal and factual questions common to the Class include, but are not limited to: (a) whether Staples used Plaintiff's and the

Class members' "identities" for a "commercial purpose" by offering to sell to the community at large and/or selling to anyone willing to pay, mailing lists identifying by name each person who purchased products from Staples; (b) whether Staples obtained written consent from Plaintiff and the Class members before selling and offering for sale mailing lists identifying them by name, to anyone willing to pay, as individuals who purchased products from Staples; and (c) whether Staples's practices of selling and offering for sale mailing lists identifying them by name, to anyone willing to pay, as individuals who purchased products from Staples violated the IRPA;

23.     The claims of Plaintiff are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class were injured and sustained damages by Staples's uniform wrongful conduct, based upon Staples's practices of using Plaintiff's and Class members' names, likenesses, and other personally identifying attributes on or in connection with the mailing lists it sold (and its sales and rentals of such lists) to third parties on the open market.

24.     Plaintiff is an adequate representative of the Class because none of the Plaintiff's interests conflict with the interests of the other members of the Class that she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Staples's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential

for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Staples's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of such issues.

## CLAIM FOR RELIEF

**Violation of Illinois's Right of Publicity Act, 765 ILCS 1075, *et seq.***
**(By Plaintiff Individually and on Behalf of the Class)**

26.     Plaintiff repeats and incorporates herein the allegations in paragraphs 1-25 above.

27.     Plaintiff brings this claim individually and on behalf of members of the Class against Staples.

28.     Plaintiff is a "living . . . natural person" and thus an "individual" within the meaning of the IRPA.

29.     Staples is a corporation and thus a juristic "person" within the meaning of the IRPA. *See* IRPA § 5.

30.     Plaintiff, an Illinois resident, purchased products from Staples. Each member of the Class likewise resides in Illinois and purchased products from Staples.

31.     Prior to and at the time Plaintiff purchased products from Staples, Staples did not notify Plaintiff that it would publicly use her identity for commercial purposes by selling or offering to sell her name, address, and other Personally Identifying Transactional Data on the open market to any member of the public interested in purchasing this data, and Plaintiff has never consented (in writing or otherwise) to Staples doing so.  Staples likewise failed to notify any of the other Class members that it would use their identities for commercial purposes by selling or offering to sell their names, addresses, and other Personally Identifying Transactional Data on the

8

open market to the public at large, and none of the members of the Class has consented (in writing or otherwise) to Staples doing so.

32.     After Plaintiff purchased products from Staples, and during the relevant statutory period, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), offered for sale to the community at large mailing lists containing Plaintiff's name, address, and other Personally Identifying Transactional Data (which identified her as an individual who had purchased products from Staples) and sold and rented those lists on the open market to any member of the public willing to purchase them, including to data aggregators, data appenders, data cooperatives, and various other persons, without first obtaining Plaintiff's written consent or even giving her prior notice of its public use and holding out of her identity in this way.  Likewise, during the statutory period relevant to this action, Staples offered for sale and sold on the open market, to any member of the public interested in purchasing, mailing lists identifying the names, addresses, and other Personally Identifying Transactional Data of all of the other individuals who had purchased products from Staples, including each member of the Class, without providing prior notice to or obtaining written consent from any of these individuals.

33.     The name "Marjorie Aitken," one of the identifying attributes Staples publicly used, is "the actual name . . . by which [Plaintiff] is known that is intended to identify [her]," on the mailing lists that Staples sold or offered for sale on the open market to anyone willing to pay for them.  Accordingly, Staples used Plaintiff's "identity" within the meaning of the IRPA. *See* 765 ILCS 1075/5.

34.     Staples's offers to sell mailing lists on which Plaintiff's and the other Class members' identities appeared to the community at large, and its sale of those lists to any member

of the public willing to pay for them, caused Plaintiff's and the Class members' names and additional identifying attributes to be made accessible to, and shared with, the community at large and exposed to general view by Staples or by one or more intermediaries acting on its behalf and at its direction.  Staples's making accessible and sharing of Plaintiff's and the Class members' identities (identifying them as individuals who had purchased products from Staples) with the community at large, including any member of the general public willing to purchase them, constituted "public use or holding out" within the meaning of IRPA. *See Id*.

35.     The mailing lists that Staples sold and offered to sell constituted "products," "merchandise," or "goods" within the meaning of the IRPA.

36.     Thus, Staples's sales and offers to sell mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appeared, on the open market to any member of the public willing to pay for them, constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . on . . . a product, merchandise, [or] goods[.]" IRPA § 5.  Accordingly, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA. 765 ILCS 1075/5.

37.     Additionally, Plaintiff's purchase of products from Staples, and the Class members' purchase of products from Staples, each concerned a "product," piece of "merchandise," or a "good[]" within the meaning of the IRPA. *See* 765 ILCS 1075/5.

38.     Thus, Staples's sales and offers to sell mailing lists on which Plaintiff's and the other Class members' names appeared constituted "the public use or holding out of [these] individual[s'] identit[ies] . . . in connection with the offering for sale or sale of a product,

merchandise, [or] good . . .," 765 ILCS 1075/5. Specifically, because the mailing lists identified by name individuals who had previously purchased products from Staples, Staples's use of Plaintiff's and the other Class members' identities on the mailing lists it sold and offered to sell to the community at large was done in connection with the prior sales of products, goods, merchandise, or services to Plaintiff and the other members of the Class. Accordingly, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), also used Plaintiff's and the Class members' identities "for commercial purposes" within the meaning of the IRPA in this way. 765 ILCS 1075/5.

39.    By selling and offering to sell mailing lists on which Plaintiff's and the other Class members' names, addresses, and other Personally Identifying Transactional Data appeared to the community at large, to any member of the public willing to pay for them, without first asking for much less obtaining Plaintiff's or the other Class members' prior written consent, Staples, either directly or through one or more intermediary acting on its behalf and at its direction (including through NextMark and/or one or more "list manager" and/or "list broker"), used Plaintiff's and the other Class members' identities for commercial purposes during their lifetimes in violation of section 30(a) of the IRPA. *See* 765 ILCS 1075/30(a).

40.    As a result of Staples's nonconsensual public use and holding out of their identities for commercial purposes, Plaintiff and the members of the Class have suffered violations of their rights of publicity.  On behalf of herself and the Class, Plaintiff seeks: (1) an injunction requiring Staples to obtain written consent from Illinois customers prior to the use of their identities for commercial purposes pursuant to 765 ILCS 1075/50; (2) $1,000.00 in statutory liquidated damages to herself and each Class member pursuant to 765 ILCS 1075/40 (a)(2); and (3) costs and

reasonable attorneys' fees pursuant to 765 ILCS 1075/55.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks a judgment against Defendant Staples, Inc. as follows:

A.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B.  For a declaration that Staples's conduct described herein violates the IRPA;

C.  For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.  For an injunction requiring Staples to obtain prior written consent from Plaintiff and the Class members prior to using their identities for commercial purposes pursuant to IRPA § 50;

E.  For an award of $1,000 to Plaintiff and each Class member, as provided by the IRPA § 40(a)(2);

F.  For an order awarding counsel for the Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit pursuant to IRPA § 55; and

G.  For prejudgment interest on all amounts awarded.

## **JURY DEMAND**

Plaintiff, on behalf of herself and the members of the Class, demands a trial by jury on all causes of action and issues so triable.

Dated: December 3, 2021                    Respectfully submitted,

                                           By: _/s/ Guillaume Buell_____
                                           Guillaume Buell (BBO #676566)
                                           **THORNTON LAW FIRM LLP**
                                           1 Lincoln Street
                                           Boston, MA 02111
                                           Tel.: (617) 531-3933
                                           Fax: (617) 720-2445
                                           gbuell@tenlaw.com

                                           Frank S. Hedin*
                                           Arun G. Ravindran*
                                           **HEDIN HALL LLP**
                                           1395 Brickell Avenue, Suite 1140
                                           Miami, Florida 33131
                                           Tel: (305) 357-2107
                                           Fax: (305) 200-8801
                                           fhedin@hedinhall.com
                                           aravindran@hedinhall.com

                                           * *Pro Hac Vice* Application Forthcoming

                                           *Counsel for Plaintiff and the Putative Class*